Juan CAMACHO, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–99–0460–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 17, 2000.

David Martinez, Law Office of David Martinez, Lubbock, for appellant.

Becky McPherson, Floyd County Dist. Atty., Floydada, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

PER CURIAM.

Counsel for appellant Juan Camacho has filed a Motion to Amend Appellant's Original Brief, accompanied by the proposed amended brief which raises ineffectiveness of counsel as an appellate issue. Appellate counsel was also trial counsel. We abate the appeal, including consideration of the motion to amend, and remand this cause to the trial court for further proceedings in accordance with this opinion.

Appellant was indicted in the 110th District Court of Floyd County (the trial court) for delivery of a controlled substance. He pled not guilty. On October 13, 1999, appellant was found guilty by a jury. Pursuant to the jury's verdict, he was sentenced to confinement for 15 years and assessed a fine of $6,000.00.

On October 28, 1999, appellant, *pro se*, filed a Notice of Appeal. On November 1, 1999, appellant's trial counsel was appointed as appellate counsel. No Motion for New Trial was filed.

On January 24, 2000, appellant's brief was filed. After the State's brief was filed, appellant's counsel filed a Motion to Amend Appellant's Original Brief, and accompanied the motion with the proposed amended brief. The proposed amended brief raises the issue of ineffective assistance of counsel at trial.

■ The right of an accused in a criminal proceeding to the assistance of counsel is guaranteed by both the Constitutions of the United States and of Texas. U.S. CONST.AMEND. VI; TEX. CONST. art. I, § 10; *Ex Parte Prejean*, 625 S.W.2d 731, 733 (Tex.Crim.App.1981). The right extends to both trial and appeal. *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963); *Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim.App.1992). Some distinctions arise between defendants who retain attorneys to defend them and defendants for whom attorneys are appointed. For example, generally, a defendant has the right to retain and be represented by counsel of his or her choice, *see Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988); *Stearnes v. Clinton*, 780 S.W.2d 216, 222 (Tex.Crim.App.1989), while an indigent defendant may not insist on appointment of a particular attorney. *Buntion*, 827 S.W.2d at 949; *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App. 1982). Nevertheless, once established, the attorney-client relationship between an accused and his attorney should be protected by the courts without distinction as to whether the attorney is retained or appointed. *Stearnes*, 780 S.W.2d at 221–22.

■ The right to a particular counsel, whether retained or appointed, is subject to limitations. *See Wheat*, 486 U.S. at 159, 108 S.Ct. at 1697; *Stearnes*, 780 S.W.2d at 222. One such limitation arises in the context of counsel with an actual or potential conflict of interest in representing the accused. *Wheat*, 486 U.S. at 161–63, 108 S.Ct. at 1698–99; *see Stearnes*, 780 S.W.2d at 222–23.

■ A criminal defendant is entitled to assistance of counsel free from conflict of interest. *Glasser v. United States*, 315 U.S. 60, 75–76, 62 S.Ct. 457, 467–68, 86 L.Ed. 680 (1942); *Gonzales v. State*, 605 S.W.2d 278, 281–82 (Tex.Crim.App.1980). The requirement inheres in both the federal and Texas Constitutions. *Stearnes*, 780 S.W.2d at 222 (quoting *Ex Parte Prejean*, 625 S.W.2d at 733).

■ Under certain circumstances a defendant may waive the right to conflict-free counsel, if the waiver is done knowingly and voluntarily. *See Wheat*, 486 U.S. at 160–63, 108 S.Ct. at 1697–99; *Ex Parte Prejean*, 625 S.W.2d at 733. Yet, at least as to the federal Sixth Amendment right, a trial court is not required to accept such a waiver. *Wheat*, 486 U.S. at 163, 108 S.Ct. at 1699. The trial court has an independent duty to ensure that a defendant receives a trial that is fair and that does not contravene the Sixth Amendment's essential aim of guaranteeing an effective advocate for each defendant. *Wheat*, 486 U.S. at 161, 108 S.Ct. at 1698. It is within the discretion of the trial court whether to accept or refuse waivers of either actual or potential conflicts of interest, based upon the circumstances and facts of the individual case. *Wheat*, 486 U.S. at 162–64, 108 S.Ct. at 1699–1700.

■ If ineffective assistance of counsel at trial is raised as an issue on appeal by trial counsel who is also functioning as appellate counsel, a potential or actual con-

flict between the interests of appellant and appellate counsel arises, *see Robinson v. State,* 16 S.W.3d 808, 812 (Tex.Crim.App. 2000), as counsel must advocate his own prior ineffectiveness as appellant's attorney. Because an accused's Sixth Amendment right to effective assistance of counsel continues during the appellate process, *Buntion,* 827 S.W.2d at 948, the question of a potential or actual conflict of interest during the appellate process must be addressed when raised, just as the question must be addressed during the trial process. In addressing the issue at the appellate level, we must, as must the trial court during the trial process, be mindful that the attorney-client relationship is a special relationship, whether arising from the attorney being retained or appointed, *Stearnes,* 780 S.W.2d at 221–22. Any potential disruption of the relationship is subject to careful scrutiny. *Buntion,* 827 S.W.2d at n. 3.

■ The record before us reflects that appellate counsel was appointed by the same judge who presided over appellant's trial. *See* TEX.CRIM.PROC.CODE ANN. § 26.04(a) (Vernon 1989). Appellant, according to the record before us, has not questioned his attorney's performance during the trial or on appeal. However, neither the clerk's record nor the reporter's record reveals that the potential conflict created by the brief sought to be filed by appellant's counsel was disclosed to appellant or to the trial judge. The record does not reflect a waiver of the conflict by appellant.

The record is not sufficient for us to determine whether appellant's Sixth Amendment rights will be compromised if current counsel continues to represent appellant during the appellate process.[1] But, the filing of the proposed Appellant's Amended Brief is sufficient to require an inquiry into the relationship between counsel and his client. *See Wheat,* 486 U.S. at 161, 108 S.Ct. at 1698. Accordingly, without considering whether appellant's Sixth Amendment rights have been or will be violated by current counsel's representation, either at trial or on appeal, we abate this appeal and the cause is remanded to the trial court. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant is aware of the appellate issue of ineffectiveness of trial counsel which has been raised by the proposed amended brief; (2) whether appellant is aware of the potential or actual conflict of interest between appellant and appellate counsel presented by the appellate issue of ineffectiveness of counsel; (3) whether appellant has knowingly and voluntarily waived, or knowingly and voluntarily desires to waive, the potential or actual conflict of interest; (4) whether to accept or refuse to accept appellant's waiver of the conflict, if appellant has knowingly and voluntarily waived, or desires to waive, any conflict; and, (5) whether present counsel should be replaced. *See* TEX.CRIM.PROC.CODE ANN. § 26.04(a) (Vernon 1989); *Buntion,* 827 S.W.2d at 948–49.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclu-

---

1. It is to counsel's credit that, true to his duties of loyalty and commitment to the client's lawful objectives, Texas Lawyer's Creed—A Mandate for Professionalism, § II, 3 (adopted by the Supreme Court of Texas and the Court of Criminal Appeals of Texas, No. 7, 1989, *reprinted in* Texas Rules of Court 489, 490 (West 1999)), and to zealously advocate appellant's lawful goals, *see* TEX.DISCIPLINARY R. PROF'L CONDUCT 1.01 cmt. 6, *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 1998), he has raised an issue which may not reflect positively on his professional performance at trial.

sions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the clerk of this court not later than December 8, 2000. TEX.R.APP.P. 43.6.