NO. 07-04-0305-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




EDWARD L. MARTINEZ,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405,843; HON.CECIL G. PURYEAR, PRESIDING



_______________________________



ON ABATEMENT AND REMAND



_______________________________




Before QUINN, REAVIS and CAMPBELL, JJ.

 Edward L. Martinez, appellant, filed with this court various documents involving his
appellate counsel and the appellate brief filed by him. In them, he contends that his
counsel, Ronald Delarose, "plain out lie[d]" in and "omitted facts from" the brief as well as
denied him effective assistance of counsel "on first appeal." He also posits that his attorney
failed to raise issues "that he should have brought up." Along with these allegations appear
requests that Delarose "withdraw or abate the appeal," that Delarose amend the brief, that
the clerk of this court send appellant a copy "of my transcripts," and that Delarose be
denied the authority to represent him on any petition for discretionary review which may
need to be filed. 

 It is clear that one has the right to counsel on appeal, though he does not have the
right to appointed counsel of his own choosing. Camacho v. State, 65 S.W.3d 107, 109
(Tex. App.-Amarillo 2000, no pet.). Similarly certain is that an appellant is not entitled to
hybrid representation on appeal. Rudd v. State, 616 S.W.2d 623, 625 (Tex. Cr. App. [Panel
Op.] 1981). He may have counsel represent him. And, while a panel of this court has held
that an appellant has no right to represent himself on appeal, e.g., Felder v. State, No. 07-03-0260-CR (Tex. App.-Amarillo, October 17, 2003, no pet.) (not designated for
publication), as have other intermediate appellate courts, e.g., Cormier v.State, 85 S.W.3d
496, 498 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (and the cases cited therein), the
Texas Court of Criminal Appeals held in Webb v. State, 533 S.W.2d 780 (Tex. Crim. App.
1976) that such a right exists. (1) Thus, question remains as to whether he has a right to
represent himself.

 Nonetheless, if problems with counsel arise it is encumbent upon the appellant to
inform the court in a timely manner. Hubbard v. State, 739 S.W.2d 341, 344 (Tex. Crim.
App. 1987). In other words, he cannot use his desire for self-representation or any friction
between himself and appointed counsel as a means of manipulating or obstruct the orderly
procedure of the court or interfering with the fair administration of justice. Id. 

 Here, and like the situation in Hubbard, appellant informed us of his concerns with
Delarose after the latter filed the appellant's brief but before the State replied to it. So too
were the concerns broached within six months from the date the appeal was perfected and
before the appeal was ripe for submission and resolution. Given this, we cannot say that
appellant acted untimely. Moreover, he asked not only that his counsel withdraw but also
that he (appellant) be given a copy of the transcripts and that Delarose be precluded from
representing him in any subsequent appeal. So too was it alleged that counsel failed to
raise issues appellant thought appropriate and misrepresented matters in the brief. Though
not clear and unequivocal, these allegations could be interpreted as effort by appellant to
act pro se. Or, they could be viewed as indication that the attorney/client relationship has
deteriorated to such a degree that Delarose can no longer effectively represent his client. 
See Neill v. State, No.04-03-0763-CR, 2004 Lexis 6015 (Tex. App.-San Antonio July 7,
2002, no pet.) (holding that if the appellant raised "seemingly substantial complaint about
counsel" then the trial court should make a thorough inquiry into the reasons for the
complaint but mere disagreements concerning strategy or personality conflicts do not
warrant the removal of appointed counsel).

 Consequently, we abate this appeal and remand the cause to the 137th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal;



 whether appellant asks to waive appointed counsel and represent
himself pro se; 



 3. if appellant opts to represent himself, whether appellant's decision is
competently and intelligently made. See Hubbard v. State, 739 S.W.2d
at 345 (holding that to competently and intelligently choose self-representation, the defendant should be made aware of the dangers
and disadvantages of self-representation so that the record will
illustrate that he knows what he is doing);



 whether circumstances, if any, warrant the substitution of Delarose with
another counsel, should appellant not care to represent himself; and


 


 assuming appellant wishes to proceed pro se, whether allowing him to
do so is in his best interests. 



 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court determine that appellant not only
desires new counsel but also is entitled to same, then new counsel must be appointed by
the trial court, and the latter shall include in its findings of fact the name, address, telephone
and fax number, and state bar number of the new counsel appointed. Additionally, the trial
court shall also cause to be developed 1) a supplemental clerk's record containing the
findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence
and argument presented at the aforementioned hearing. The trial court shall cause the
supplemental clerk's record to be filed with the clerk of this court on or before January 7,
2005. Should additional time be needed to perform these tasks, the trial court may request
same on or before January 5, 2005. Finally, the deadline of the State to file an appellee's
brief is stayed until further order of the court.

 It is so ordered.

 Brian Quinn

 Justice

 

Publish.

NO. 07-04-0305-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




EDWARD L. MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405,843; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I fully concur with the Court's decision to abate the appeal and remand this case to
the trial court for determination of the matters set out in the Court's opinion. For the reasons
discussed in opinions such as the First Court of Appeals' order in Cormier v. State, 85
S.W.3d 496 (Tex.App.-Houston [1st Dist.] 2002, no pet.), however, I continue to be of the
opinion that a Texas criminal defendant does not have a right or entitlement to represent
himself on appeal.


 James T. Campbell

 Justice



Publish. 


 

 
1. Various of the intermediate courts that have rejected Webb did so on the basis that the decision was
founded upon the United States Supreme Court decision in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525,
45 L.Ed.2d 562 (1975) (dealing with the right to self-representation at trial, not appeal). And, because the
United States Supreme Court later said in Martinez v. Court of Appeal, 528 U.S. 152, 120 S.Ct. 684, 145
L.Ed.2d 597 (2000) that the Sixth Amendment to the United States Constitution does not grant one the right
to self-representation on appeal, then the reliance placed on Faretta by the court in Webb was misplaced. 
See, e.g. Cormier v.State, 85 S.W.3d 496, 498 n.2 (Tex. App.-Houston [1st Dist.] 2002, no pet.); accord, Glenn
v. State, No. 03-03-00212-CR, 2003 Lexis 7082 (Tex. App.-Austin Aug. 6, 2003, no pet. h.). Yet, the
Supreme Court in Martinez took care to note that its decision did not preclude the differing states from
recognizing such a right under their own laws. Martinez, 528 U.S. at 163, 120 S.Ct. at 692, 145 L.Ed.2d 597. 
Moreover, the Court of Criminal Appeals in Webb plainly held that "the right of an accused to reject the
services of counsel and instead represent himself extends beyond trial into the appellate process." Webb v.
State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). And though it mentioned Faretta in arriving at its holding,
it did not expressly state that either Faretta or the Sixth Amendment afforded an appellant the right to self-representation. Instead, the court said that "[i]t has long been held in this State [Texas] that a trial court may
not force an accused to accept an attorney if he wishes to waive representation and defend himself" and
supported the statement via precedent of the Court of Criminal Appeals issued long before Faretta. Webb
v. State, 533 S.W.2d at 783-84. So too was it said that because one has a right to counsel at trial and on
appeal (something no one disputes) "it would follow that the correlative right to reject the assistance of counsel
would be equally applicable to both the trial and appeal of a criminal case." Id. Given this, one can
legitimately ask whether the court in Webb held as it did because of Faretta and a belief that the Sixth
Amendment granted the right of self-representation on appeal or because the right to self-representation at
that level arises from this state's own jurisprudence and the concept of correlative rights and simple logic. If
it is the former, then Webb may well have been overruled by implication. If it is the latter, then it is still viable
controlling precedent, even under Martinez. Finally, none of the cases rejecting Webb have addressed that. 
See e.g. Green v. State, supra; Cormier v. State, supra. Nor has the highest criminal court in Texas directed
any intermediate court to ignore the precedent of Webb.



henUsed="false" Name="Light Grid Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0257-CV

 

IN THE COURT OF
APPEALS

FOR THE SEVENTH
DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2010

__________________________________

TEXAS DEPARTMENT OF
PUBLIC SAFETY,

Appellant

v.

BODIE BRATCHER,

Appellee

____________________________________

FROM THE 106TH
DISTRICT COURT OF LYNN COUNTY

NO. 09-04-06644; HON.
CARTER T. SCHILDKNECHT, PRESIDING

_____________________________________

Opinion

______________________________________

Before QUINN, C.J., and CAMPBELL  and HANCOCK,
JJ.

            The Texas Department of
Public Safety (the Department) appeals from an order of expunction granted in
favor of Bodie Bratcher (Bratcher).  It contends that there is no evidence to
support it because Bratcher admitted to having served probation.  We reverse.

            One seeking expunction
has the burden to prove he satisfied the statutory prerequisites.  Tex.
Dept of Public Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App. Houston [14th Dist.] 2008, no pet.).  One of those prerequisites relates to
community supervision.  In particular,
expunction cannot be awarded to someone who was granted community supervision
under article 42.12 of the Code of Criminal Procedure for any offense other than
a Class C misdemeanor.  See Tex.
Code Crim. Proc. Ann. art.
55.01(a)(2)(B) (Vernon Supp. 2009).   According to the Department, Bratcher himself
established that he was not entitled to expunction since he admitted that he
entered a plea of guilty and served probation on the Deadly Conduct
charge.  

            No one disputes the
evidence of record.  Bratcher was the
only witness to testify at the expunction hearing.  While testifying, he was asked whether he
pled guilty to deadly conduct and whether that conviction was final.  To those questions, he answered in the
affirmative.  His attorney also asked
whether he had completed [his] probation without a problem.  His response was Yes, maam.  Bratcher also explained that it was his
understanding that once [he] completed [his] probation [he] would have the
ability to have this matter expunged.  

            That deadly conduct is
an offense greater than a class C misdemeanor is beyond dispute.  See Tex. Penal Code Ann. §22.05(e) (Vernon  2003) (classifying
deadly conduct as either a class A misdemeanor or a third degree felony).  Similarly indisputable is that the words
probation and community supervision have been used interchangeably.  This may be why no one before us suggests
that Bratchers allusion to probation meant something other than community
supervision.  We further recognize that
art. 42.12 of the Texas Code of Criminal Procedure regulates whether probation
or community supervision may be granted in particular cases.  So, to the extent that Bratcher admitted to
completing his probation, one must necessarily infer that he was awarded probation
or community supervision per the terms of art. 42.12.  Given this, the requirement of §55.01(a)(2)(B)
of the Code of Criminal Procedure was not met, and the trial court could not
have ordered the record of his offense to be expunged.

            Question has arisen,
however, regarding whether the Department waived its right to complain.  This argument is founded on the proposition
that the county attorney was standing in for the Department at the hearing
and she informed the trial court that she did not oppose expunction.  The record discloses that the county attorney
so represented to the court.  However, it
further discloses that the same attorney was appearing in two distinct capacities.  One involved her standing in for the
Department.  The other concerned her acting
as the prosecuting attorney that secured Bratchers earlier conviction.  So too does the record illustrate that she
informed the trial court that [t]he departments position at this point is
just that theres been a failure to state any cause for which Mr. Bratcher
would be entitled to an expunction under Chapter 55 of the expunction
statutes.  That representation falls
short of suggesting, much less establishing, that the Department agreed to or
did not oppose the expunction.  Simply
put, saying that he was not entitled to expunction is not the same as saying
that expunction was unopposed.  

            Next, the dual role that
the county attorney played did not go unnoticed by the trial court.  See Tex.
Dept of Public Safety v. Woods, 68 S.W.3d 179, 182-84 (Tex. App. Houston
[1st Dist.] 2002, no pet.) (explaining that
various state entities are entitled to notice of the proceeding and that while
the prosecutor may represent the Department when it does not appear, the
prosecutors promise not to oppose expunction is not binding on the Department
when it does appear and oppose expunction). 
That may well be why the trial judged noted . . . based on the fact
that the Lynn County Attorney is sitting in for the Department  . . . and presenting for them, but that on  in her capacity as the Lynn
County Attorney, she has stated that she did not oppose this . . . .  (Emphasis added).  This observation acknowledges not only the
county attorney was representing multiple parties but also that she opted, in
her capacity as the Lynn County Attorney (not as the Departments attorney) to
forego opposing Bratchers request. 

            In other words, the
county attorney took the often treacherous path of representing two opposing
interests.  Yet, she made clear that one
of those interests opposed expunction while the other did not.  Given that the interest that opposed the
matter was the Department, her representations in her capacity as Lynn County
Attorney did not bind the Department.[1]  

            We
sustain appellants issues, reverse the order of expunction, and render
judgment overruling or denying Bratchers petition for expunction.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

                                                                                                

                                                                        

                                                                        

             

            











[1]To
avoid this problem, the Department should have appeared at the hearing.