NO. 07-06-0414-CR
NO. 07-06-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 2, 2007

_____

JOHANSON LEE WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NOS. 9479 & 9480; HONORABLE TOM NEELY, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Proceeding pro se, Appellant Johanson Lee Watson perfected these appeals from

the trial court's orders denying his motion for forensic DNA testing. On November 16,

_____

[1]Sitting by assignment.

2006, this Court abated these appeals and remanded the causes to the trial court to determine whether Appellant was entitled to appointed counsel pursuant to article 64.01(c) of the Texas Code of Criminal Procedure. Per this Court's directive, the trial court conducted a hearing and entered an order on December 6, 2006, appointing Earl Griffin to represent Appellant in prosecution of these appeals. The order was included in a supplemental clerk's record filed with the Clerk of this Court on December 12, 2006.

On January 11, 2007, Appellant presented to this Court his *pro se* "*Motion for Leave to Abate this Appeal and Remand the Cause for Futher [sic] Proceeding.*" On February 1, 2007, he also presented his *pro se* "*Motion for Leave for Abate this Appeal and Remand The Cause for Appointment of New Counsel*" and "*Motion for Leave Appointment of Another Counsel to Pursue the Appeal Proceeding.*" These pro se motions were filed in response to a copy of a letter from Griffin's legal secretary to the Clerk of this Court indicating Griffin had ceased representing Appellant.[2] In his motions, Appellant expresses his desire *not* to represent himself but requests that the trial court substitute appointed counsel due to "friction" between himself and Griffin. As such, Appellant's pro se motions amount to a request that this Court discharge Griffin and appoint new counsel.

---

[2]The letter resulted from a misunderstanding during a telephone conversation between Griffin's legal secretary and the appellate court clerk that Appellant was proceeding pro se.

Two problems prevent this Court from addressing Appellant's motions. One, because Appellant is represented by counsel,[3] this Court will not consider nor take action on any motions, documents, or correspondence filed by a pro se litigant. *Ex Parte Taylor,* 36 S.W. 3d 883, 887 (Tex.Crim.App. 2001). Secondly, although this Court may permit an attorney to withdraw from representing a party in the appellate court,[4] it does not have the authority to appoint substitute counsel. The trial court has the exclusive responsibility for appointing counsel to represent indigent defendants, even after the appellate record has been filed. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon 2005). *See also Enriquez v. State,* 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.); *Springer v. State,* 940 S.W.2d 322, 323 (Tex.App.–Dallas 1997, no pet.).

It should be noted, however, that a defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Crim.App. 1977). Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State,* 176 S.W.3d 249, 255 (Tex.App.--Houston [1st Dist.] 2004,

---

[3]An attorney appointed to represent an indigent defendant on appeal remains as the appellant's attorney until the appeal is exhausted or the attorney is relieved of his duties by an order of either the trial court or the appellate court. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2006), Tex. R. App. P. 6.5

[4]Tex. R. App. P. 6.5.

pet. ref'd). Furthermore, the trial court is under no duty to search until it finds an attorney acceptable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App. [Panel Op.] 1982). *Accord* Camacho v. State, 65 S.W.3d 107, 109 (Tex.App.–Amarillo 2000, no pet.).

In those circumstances where the appointment of substitute counsel may be an issue, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination. Although an appropriate motion to withdraw has not been presented to this Court, we are left to speculate as to what action the Appellant or counsel might take. Without considering the merits of the Appellant's pro se motion, and to avoid any conflict of interest and further expenditure of judicial resources, we consider it prudent to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral attack. *See Lerma v. State*, 679 S.W.2d 488, 493 (Tex.Crim.App. 1982). Thus, we now abate the appeal and remand the cause to the trial court for further proceedings.

Upon remand the trial court shall utilize whatever means necessary to determine whether Griffin should remain as Appellant's counsel; and, if not, whether Appellant is entitled to new appointed counsel. If the trial court determines that there is no reason to discharge Griffin and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be

4

included in the order appointing counsel. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before March 19, 2007.

It is so ordered.

Per Curiam

Do not publish.