

NUMBER 13-13-00013-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NICHOLAS GARCIA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

**On appeal from the 148th District Court
of Nueces County, Texas.**

# ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Order Per Curiam

Appellant, Nicolas Garcia, has filed a pro se motion requesting the appointment of new counsel on appeal. Counsel for appellant filed a brief with the Court on December 3, 2013. According to appellant's motion, his court-appointed attorney "has not responded to make contact concerning some issue in the brief" and he requests new

counsel be appointed.

A defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.ʙHouston [1st Dist.] 2004, pet. ref'd). Furthermore, the trial court is under no duty to search until it finds an attorney acceptable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *see Camacho v. State*, 65 S.W.3d 107, 109 (Tex. App.ʙAmarillo 2000, no pet.).

In those circumstances where the appointment of substitute counsel may be an issue, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination. Without considering the merits of appellant's pro se motion,[1] and to avoid any conflict of interest and further expenditure of judicial resources, we consider it prudent to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral attack. *See Lerma v. State*, 679 S.W.2d 488, 493 (Tex. Crim. App. 1982). Thus, we now ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this

---

[1] Appellant is represented by counsel and is not entitled to hybrid representation on appeal. *See Ex Parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).

order.

Upon remand the trial court shall utilize whatever means necessary to determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel or waives his right to counsel and elects to proceed pro se. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in the order appointing counsel. If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of January, 2014.