

# NUMBERS 13-13-00544-CR, 13-13-00545-CR, & 13-13-00546-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MARKUS ANTONIUS GREEN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 24th District Court
### of DeWitt County, Texas

---

## ORDER OF ABATEMENT

**Before Justices Rodriguez, Garza, and Perkes**
**Order Per Curiam**

This appeal was abated by this Court on November 18, 2013, to address appellant's pro se motions: (1) requesting the appointment of counsel on appeal; (2) requesting an extension of time to perfect appeal; (3) seeking to compel the trial clerk to

provide appellant with the record; and (4) seeking to compel prison officials to provide appellant with access to the law library. The trial court conducted a hearing and appointed appellate counsel, Keith S. Weiser. This appeal was reinstated on January 10, 2014.

On February 10, 2014, appellant filed a pro se motion requesting to proceed on appeal pro se. The Court forwarded appellant's pro se motion to appellant's counsel. Appellant's pro se motion states that counsel will not present the claims appellant has requested and his defense will be ignored.

A defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). Furthermore, the trial court is under no duty to search until it finds an attorney acceptable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *see Camacho v. State*, 65 S.W.3d 107, 109 (Tex. App.–Amarillo 2000, no pet.).

In those circumstances where the appointment of substitute counsel may be an issue, an appellate court should abate the proceeding to the trial court for determination. To avoid any conflict of interest and further expenditure of judicial resources, we consider

2

it prudent to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral attack. *See Lerma v. State*, 679 S.W.2d 488, 493 (Tex. Crim. App. 1982). Thus, we now ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order.

Upon remand the trial court shall utilize whatever means necessary to determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel or waives his right to counsel and elects to proceed pro se. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in the order appointing counsel. If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of March, 2014.