

**NUMBER 13-15-00301-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CHARLES LEE,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 167th District Court
of Travis County, Texas.**

---

## ORDER OF ABATEMENT

**Before Justices Garza, Benavides, and Longoria
Order Per Curiam**

Appellant, Charles Lee, appeals from a denial of his motion for DNA testing. His appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of appellate courts); TEX.GOV'T CODE ANN. § 73.001 (West

2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

Counsel for appellant, David W. Crawford, has filed a motion to withdraw as counsel in this cause. Appellant's counsel has notified this Court that appellant has filed a motion with the trial court requesting that counsel be removed from representation on this matter.

A defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). Furthermore, the trial court is under no duty to search until it finds an attorney acceptable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *see Camacho v. State*, 65 S.W.3d 107, 109 (Tex. App.–Amarillo 2000, no pet.).

In those circumstances where the appointment of substitute counsel may be an issue, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination. To avoid any conflict of interest and further expenditure of judicial resources, we consider it prudent to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral

2

attack. *See Lerma v. State*, 679 S.W.2d 488, 493 (Tex. Crim. App. 1982). Thus, we now ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order.

Upon remand the trial court shall utilize whatever means necessary to determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel or waives his right to counsel and elects to proceed pro se. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in the order appointing counsel. If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of October, 2015.

3