

## NUMBER 13-15-00376-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN THE ESTATE OF RAFAEL FRANCO, SR., DECEASED

**On Appeal from the County Court at Law No. 1
of Nueces County, Texas**

## O R D E R

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Order Per Curiam**

Appellant, Javier R. Franco, has filed a pro se motion to abate and requests new counsel be appointed. According to appellant's motion, there has been a breakdown in communication and there is a conflict between appellant and his court-appointed counsel.

A defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but

must accept the counsel appointed by the trial court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Furthermore, the trial court is under no duty to search until it finds an attorney acceptable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *see Camacho v. State*, 65 S.W.3d 107, 109 (Tex. App.—Amarillo 2000, no pet.).

In those circumstances where the appointment of substitute counsel may be an issue, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination. Without considering the merits of the Appellant's pro se motion,[1] and to avoid any conflict of interest and further expenditure of judicial resources, we consider it prudent to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral attack. *See Lerma v. State*, 679 S.W.2d 488, 493 (Tex. Crim. App. 1982). Thus, we now abate the appeal and remand the cause to the trial court for further proceedings consistent with this order.

Upon remand the trial court shall utilize whatever means necessary to determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint

---

[1] Appellant is represented by counsel and is not entitled to hybrid representation on appeal. *See Ex Parte Taylor*, 36 S.W 3d 883, 887 (Tex. Crim. App. 2001).

substitute counsel, the court shall enter an order to that effect.   If the trial court determines that new counsel should be appointed, the name, address, telephone number, email address, and state bar number of newly appointed counsel shall be included in the order appointing counsel.   The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

PER CURIAM

Delivered and filed the
27th day of May, 2016.

3