

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00023-CR

_____

JIMMY DALE HALL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-19-26934

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Appellant, Jimmy Dale Hall, Jr., was convicted in Fannin County, Texas, of possession of more than four grams, but less than two hundred grams, of a Penalty Group 1 controlled substance and was sentenced, after enhancement, to sixty years' incarceration. The trial court appointed Lacinda Brese-LeBron to represent Hall at trial. Although the trial court did not issue an order appointing Brese-LeBron to represent Hall on appeal, Brese-LeBron has assumed Hall's appellate representation. At a status hearing following Hall's trial, the trial court questioned Brese-LeBron about this issue:

> THE COURT: . . . . And then do you anticipate you -- you also want to handle the appeal?
>
> [Counsel for Hall]: At this time, Your Honor, I -- I do intend to handle the appeal --
>
> THE COURT: Okay.
>
> [Counsel for Hall]: -- unless Mr. Hall instructs me otherwise.

On April 3, 2020, Hall filed a motion with this Court asking for the appointment of different appellate counsel. Hall explained that he believed that trial counsel was ineffective and would, therefore, be unable to raise the issue of ineffective assistance of counsel on appeal. This issue presents an apparent conflict of interest between Hall and appellate counsel Brese-LaBron.

The right of an accused in a criminal proceeding extends to both trial and appeal. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992). "The right to particular counsel, whether retained or appointed, is subject to limitations." *Camacho v. State*, 65 S.W.3d 107, 109 (Tex. App.—Amarillo 2000, no pet.)

(per curiam) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *Stearnes v. Clinton*, 780 S.W.2d 216, 222 (Tex. Crim. App. 1989) (orig. proceeding)). "One such limitation arises in the context of counsel with an actual or potential conflict of interest in representing the accused." *Id.* (citing *Wheat*, 486 U.S. at 161–63). Indeed, "[a] criminal defendant is entitled to assistance of counsel free from conflict of interest." *Id.* (citing *Glasser v. United States*, 315 U.S. 60, 75–76 (1942); *Gonzales v. State*, 605 S.W.2d 278, 281–82 (Tex. Crim. App. [Panel Op.] 1980)). "If ineffective assistance of counsel at trial is raised as an issue on appeal by trial counsel who is also functioning as appellate counsel, a potential or actual conflict between the interests of appellant and appellate counsel arises." *Id.* at 109–10 (citing *Robinson v. State*, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000)).

The record reflects that appellate counsel in this case also served as trial counsel. The record further reflects that Hall believes certain issues regarding the effectiveness of trial counsel should be raised on appeal. Finally, the record reflects that counsel enlisted to take on this appeal only until "Mr. Hall instruct[ed her] otherwise." In light of the foregoing and in the interests of justice, we, sua sponte, abate this appeal to the trial court. On remand, we direct the trial court to either (1) appoint new appellate counsel or (2) conduct a hearing at which Hall is present by electronic means to determine (a) whether there is a potential or actual conflict of interest between counsel and Hall, (b) whether Hall knowingly and voluntarily desires to waive any such potential or actual conflict of interest, and, (c) if so, whether that waiver should be accepted. If Hall is not willing to knowingly and voluntarily waive any potential or actual conflict of interest or if the trial

court determines that a waiver should not be accepted, then the trial court is directed to appoint new counsel free of an actual or potential conflict of interest.

The trial court may enter any orders necessary to implement our directives. Any hearing(s) should be conducted by the trial court within thirty days of the date of this order. Appropriate orders and findings should be sent to this Court in the form of a supplemental clerk's record within fifteen days of the date of the appointment of new counsel or the hearing, whichever occurs first. The reporter's record of any hearing(s) should be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: April 21, 2020

4