NO. 07-04-0305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2004

_____

EDWARD L. MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,843; HON.CECIL G. PURYEAR, PRESIDING

_____

***ON ABATEMENT AND REMAND***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Edward L. Martinez, appellant, filed with this court various documents involving his appellate counsel and the appellate brief filed by him. In them, he contends that his counsel, Ronald Delarose, "plain out lie[d]" in and "omitted facts from" the brief as well as denied him effective assistance of counsel "on first appeal." He also posits that his attorney

failed to raise issues "that he should have brought up." Along with these allegations appear requests that Delarose "withdraw or abate the appeal," that Delarose amend the brief, that the clerk of this court send appellant a copy "of my transcripts," and that Delarose be denied the authority to represent him on any petition for discretionary review which may need to be filed.

It is clear that one has the right to counsel on appeal, though he does not have the right to appointed counsel of his own choosing. *Camacho v. State,* 65 S.W.3d 107, 109 (Tex. App.–Amarillo 2000, no pet.). Similarly certain is that an appellant is not entitled to hybrid representation on appeal. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex. Cr. App. [Panel Op.] 1981). He may have counsel represent him. And, while a panel of this court has held that an appellant has no right to represent himself on appeal, *e.g.*, *Felder v. State*, No. 07-03-0260-CR (Tex. App.–Amarillo, October 17, 2003, no pet.) (not designated for publication), as have other intermediate appellate courts, *e.g., Cormier v.State*, 85 S.W.3d 496, 498 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (and the cases cited therein), the Texas Court of Criminal Appeals held in *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976) that such a right exists.[1] Thus, question remains as to whether he has a right to

---

[1] Various of the intermediate courts that have rejected *Webb* did so on the basis that the decision was founded upon the United States Supreme Court decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (dealing with the right to self-representation at trial, not appeal). And, because the United States Supreme Court later said in *Martinez v. Court of Appeal*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) that the Sixth Amendment to the United States Constitution does not grant one the right to self-representation on appeal, then the reliance placed on *Faretta* by the court in *Webb* was misplaced. *See, e.g. Cormier v.State*, 85 S.W.3d 496, 498 n.2 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *accord*, *Glenn v. State*, No. 03-03-00212-CR, 2003 LEXIS 7082 (Tex. App.–Austin Aug. 6, 2003, no pet. h.). Yet, the Supreme Court in *Martinez* took care to note that its decision did not preclude the differing states from recognizing such a right under their own laws. *Martinez*, 528 U.S. at 163, 120 S.Ct. at 692, 145 L.Ed.2d 597. Moreover, the Court of Criminal Appeals in *Webb* plainly held that "the right of an accused to reject the services of counsel and instead represent himself extends beyond trial into the appellate process." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). And though it mentioned *Faretta* in arriving at its holding, it did not expressly state that either *Faretta* or the Sixth Amendment afforded an appellant the right to self-

2

represent himself.

Nonetheless, if problems with counsel arise it is encumbent upon the appellant to inform the court in a timely manner. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). In other words, he cannot use his desire for self-representation or any friction between himself and appointed counsel as a means of manipulating or obstruct the orderly procedure of the court or interfering with the fair administration of justice. *Id.*

Here, and like the situation in *Hubbard*, appellant informed us of his concerns with Delarose after the latter filed the appellant's brief but before the State replied to it. So too were the concerns broached within six months from the date the appeal was perfected and before the appeal was ripe for submission and resolution. Given this, we cannot say that appellant acted untimely. Moreover, he asked not only that his counsel withdraw but also that he (appellant) be given a copy of the transcripts and that Delarose be precluded from representing him in any subsequent appeal. So too was it alleged that counsel failed to raise issues appellant thought appropriate and misrepresented matters in the brief. Though not clear and unequivocal, these allegations could be interpreted as effort by appellant to act *pro se*. Or, they could be viewed as indication that the attorney/client relationship has

---

representation. Instead, the court said that "[i]t has long been held in this State [Texas] that a trial court may not force an accused to accept an attorney if he wishes to waive representation and defend himself" and supported the statement via precedent of the Court of Criminal Appeals issued long before *Faretta*. *Webb v. State*, 533 S.W.2d at 783-84. So too was it said that because one has a right to counsel at trial and on appeal (something no one disputes) "it would follow that the correlative right to reject the assistance of counsel would be equally applicable to both the trial and appeal of a criminal case." *Id.* Given this, one can legitimately ask whether the court in *Webb* held as it did because of *Faretta* and a belief that the Sixth Amendment granted the right of self-representation on appeal or because the right to self-representation at that level arises from this state's own jurisprudence and the concept of correlative rights and simple logic. If it is the former, then *Webb* may well have been overruled by implication. If it is the latter, then it is still viable controlling precedent, even under *Martinez*. Finally, none of the cases rejecting *Webb* have addressed that. *See e.g. Green v. State*, *supra*; *Cormier v. State*, *supra*. Nor has the highest criminal court in Texas directed any intermediate court to ignore the precedent of *Webb.*

3

deteriorated to such a degree that Delarose can no longer effectively represent his client. *See Neill v. State*, No.04-03-0763-CR, 2004 LEXIS 6015 (Tex. App.–San Antonio July 7, 2002, no pet.) (holding that if the appellant raised "seemingly substantial complaint about counsel" then the trial court should make a thorough inquiry into the reasons for the complaint but mere disagreements concerning strategy or personality conflicts do not warrant the removal of appointed counsel).

Consequently, we abate this appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant asks to waive appointed counsel and represent himself *pro se*;

3.    if appellant opts to represent himself, whether appellant's decision is competently and intelligently made. *See Hubbard v. State*, 739 S.W.2d at 345 (holding that to competently and intelligently choose self-representation, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will illustrate that he knows what he is doing);

4.    whether circumstances, if any, warrant the substitution of Delarose with another counsel, should appellant not care to represent himself; and

5.    assuming appellant wishes to proceed *pro se*, whether allowing him to do so is in his best interests.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court determine that appellant not only desires new counsel but also is entitled to same, then new counsel must be appointed by the trial court, and the latter shall include in its findings of fact the name, address, telephone

4

and fax number, and state bar number of the new counsel appointed.  Additionally, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  The trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before January 7, 2005.  Should additional time be needed to perform these tasks, the trial court may request same on or before January 5, 2005.  Finally, the deadline of the State to file an appellee's brief is stayed until further order of the court.

It is so ordered.

Brian Quinn
Justice

Publish.

NO. 07-04-0305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2004

_____

EDWARD L. MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,843; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**CONCURRING OPINION**

I fully concur with the Court's decision to abate the appeal and remand this case to the trial court for determination of the matters set out in the Court's opinion. For the reasons discussed in opinions such as the First Court of Appeals' order in *Cormier v. State*, 85 S.W.3d 496 (Tex.App.–Houston [1st Dist.] 2002, no pet.), however, I continue to be of the opinion that a Texas criminal defendant does not have a right or entitlement to represent

6

himself on appeal.

James T. Campbell
Justice

Publish.