NO. 07-04-0305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 4, 2005
_____

EDWARD L. MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405843; HON. CECIL G. PURYEAR, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Edward L. Martinez appeals, via three issues, his conviction for burglarizing a habitation with intent to commit theft. We address only the third for it is dispositive. Therein, appellant contends that the trial court erred when it refused to provide the jury with an accomplice witness instruction. We sustain the issue and reverse the judgment.

***Background***

The home of A. L. Hawkins, which is located across the street from Monterey High School in Lubbock, was burglarized during the night of April 23, 2003. Hawkins operated an insurance business from the abode and often accepted cash payments from his

customers. Appellant knew this since he was employed by a contractor who earlier remodeled portions of the house. At the time, appellant's duties allowed him access to Hawkins' office during business hours. This also afforded him opportunity to see Hawkins receive cash from his clients, according to one witness.

On the night of the burglary, several individuals broke into the home, ransacked it, and assaulted Hawkins with a knife. According to one of the burglars, the idea to enter this particular home was appellant's. Prior to the trial of appellant, the burglars who participated in the trial had already admitted to or been convicted of the crime.

### Issue 3 -- Accomplice Witness Instruction

In his third issue, appellant attacks the trial court's decision to exclude an accomplice witness instruction from the jury charge. We sustain the issue.

Authority holds that a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). The other evidence contemplated need not directly link the accused to the crime or establish his guilt beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). It need only tend to connect him to the offense. *Id.* at 613. In addition, the phrase "tending to connect" has been interpreted as "'to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect,' and while not contemplating conjecture, 'has a tendency to prove the averments in the indictment.'" *Holladay v. State*, 709 S.W.2d 194, 198 (Tex. Crim. App. 1986), *quoting Boone v. State*, 235 S.W. 580 (Tex. Crim. App. 1922); *In re C.M.G.*, 905 S.W.2d 56, 58 (Tex. App.–Austin 1995, no pet.). This standard does not present a high threshold but simply reflects a legislative determination that

2

accomplice testimony should be viewed with some caution. *In re C.M.G.*, 905 S.W.2d at 58. More importantly, each case must be decided upon its own facts and circumstances. *Reed v. State*, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).

Next, an accomplice is someone who participated in the crime before, during, or after its commission. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996); *In re A.D.L.C.*, 598 S.W.2d 383, 385 (Tex. App.–Amarillo 1980, no writ). Moreover, participation requires the performance of an affirmative act to promote its commission. *McFarland v. State*, 928 S.W.2d at 514.

The dispute at bar concerns whether two particular witnesses were accomplices. One was Margarita Estrada and the other, Michael Johnson. The former testified that she lived with James Fox, that Fox and appellant wanted to get some bolt cutters from her so they could do a "hustle," and that she acquired the bolt cutters from her closet and gave them to appellant. This was done by her while knowing that the "hustle" "had to do with . . . some type of burglary or something like that, . . . a house or building . . . ." From the act of providing an instrumentality for use in a crime while knowing that it was to be so used, one could reasonably infer that the individual aided in the commission of the crime while acting with the intent to promote or assist its commission. And, since that is the definition of a party, Tex. Penal Code Ann. §7.01(c) (Vernon 2003), and because some evidence illustrates that Estrada so acted, we cannot but conclude she fell into the category of an accomplice to the burglary.

As for Johnson, he agreed to drive the group of individuals who committed the burglary to the area wherein Hawkins lived. Furthermore, not only did an officer testify (without objection) that one of the burglars informed him that Johnson was to receive a

3

portion of the burglary proceeds, but Johnson also admitted that he was to receive money for gas in exchange for his services. So, at around midnight, he met two of the group at a local convenience store, drove them to a house, drove them back to the store and picked up the remainder of the group. At that time, he noticed that one of the individuals possessed a set of bolt cutters. Thereafter, he drove them to the designated location. While professing ignorance of their purpose, Johnson nevertheless responded, "oh, it occurred to me" when asked: "[s]o, you see four guys who need to go somewhere, at night . . . one of them carrying . . . bolt cutters, and with your criminal history it didn't occur to you that you were driving them possibly to commit a burglary?"[1] Given that he so responded, that he himself had participated in burglaries and, therefore, knew how they were committed, that it was late at night when he drove the group to the residential area wherein the burglary occurred, and that he was to receive either gas money or a part of the burglary proceeds in exchange for his help, a rational person could reasonably infer that he aided those who actually committed the burglary while intending to promote or assist in the commission of the offense. And, because one could so infer, it can be said that Johnson held the status of a party to the crime and, therefore, was also an accomplice.

Having determined that both Estrada and Johnson were accomplices, we conclude that the trial court was obligated to instruct the jury about the prohibitions of art. 38.14 of the Texas Code of Criminal Procedure. Because it did not, it erred. Yet, that does not end our inquiry for we must also decide if the error was harmless. *See Herron v. State,* 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (applying a harm analysis to errors like that before

---

[1]His criminal record consisted of multiple convictions some of which involved theft and burglary.

4

us). It may fall within that realm if there exists non-accomplice testimony corroborating that of the accomplice and no rational and articulable basis exists for disregarding it or finding that it fails to connect the defendant to the offense. *Id.* at 633. Yet, the problem with finding the error harmless at bar concerns our inability to find of record any non-accomplice testimony either placing appellant at the burglary or communicating with the burglars about the burglary. That information came only from the accomplices and those who admitted to participating in the crime.[2] Moreover, the evidence illustrating that appellant worked at Hawkins' abode several months before the burglary and may have seen Hawkins and his clients exchange cash is of little weight. Indeed, we have held that one's mere presence at the scene of a crime when it is committed or near the time of its commission does not alone tend to connect the individual to the crime. *In re A.D.L.C.*, 598 S.W.2d at 385. If being present at or near the time it occurred is not enough by itself, then being there some four months before its occurrence can hardly suffice. Nor did the State direct us to any non-accomplice testimony tending to link appellant to the burglary. Given this, we cannot say that the error was harmless.

Accordingly, we reverse the judgment and remand the proceeding to the trial court.

Brian Quinn
Justice

Publish.

---

[2]We note that at least one of the burglars actually denied that appellant was involved.