IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00189-CR

 

ALANDA SUZANNE FEWINS,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 00-05-13320-BCCR

 



ABATEMENT ORDER



 








Alanda Suzanne Fewins’s counsel filed an Anders[1]
brief in this appeal on January 5, 2005.  On April 20, this Court
issued an order striking the brief as deficient and ordering counsel to file a
proper brief.  On May 24, the Clerk of this Court notified counsel that the
appellant’s brief was overdue and instructed counsel to file a brief or extension
request within ten days.  To date, no brief or extension request has been
filed.  Therefore, we abate this cause to the trial court with instructions to
hold a hearing to determine: (1) why a proper brief has not been filed on Fewins’s
behalf; (2) whether her attorney has abandoned the appeal; (3) whether Fewins still
desires to proceed with the appeal; and (4) whether Fewins desires to represent
herself.  See Tex. R. App. P.
38.8(b)(3). 

If the court determines that counsel is unable
or unwilling to comply with this Court’s directives, the court should consider
appointing other counsel to represent Fewins.  See Tex. Code Crim. Proc. Ann. art.
26.04(j)(2) (Vernon Supp. 2004–2005).  In a similar manner, if the court
determines that counsel has abandoned the appeal, the court must appoint other
counsel.[2]

If Fewins no longer wishes to pursue an appeal, she
must sign and file a written withdrawal of her notice of appeal.  See Tex. R. App. P. 42.2; McClain v.
State, 17 S.W.3d 310, 311 (Tex. App.CWaco 2000, no pet.).

If Fewins expresses a desire to proceed pro
se, the trial court shall admonish her on the record “of the dangers and
disadvantages of self-representation.”  Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005).  If the court
determines that she has voluntarily and intelligently waived her right to
counsel, the court shall require her to execute a written waiver of counsel
which substantially complies with article 1.051(g).  Id.

Because the trial court must admonish Fewins on
the record regarding her right to self-representation and because the court
must ascertain whether Fewins still desires to prosecute her appeal and
determine whether any waiver of counsel is voluntarily and intelligently made,
Fewins must be afforded an opportunity to personally participate in the
abatement hearing.  This does not necessarily mean, however, that she must
personally appear at the hearing.

          Frequently in civil litigation
involving prison inmates, trial courts permit the inmates to participate in
hearings via teleconference.  See In re Z.L.T., 124 S.W.3d 163, 165-66 (Tex. 2003).  We are aware of no reason why a similar procedure could not be employed here. 
Cf. Webb
v. State, 533
S.W.2d 780, 784 (Tex. Crim. App.
1976) (pro se criminal appellant has no right to appear before appellate
court and present argument).  Any paperwork (e.g., waiver of appeal or
waiver of counsel) could be completed through the mail.  These of course are
matters we leave to the discretion of the trial court.

          As stated hereinabove, we are
instructing the trial court to determine in part whether Fewins desires to
represent herself.  However, some courts have recently concluded that a
criminal appellant has no right to self-representation.  We do not agree with
these courts because article 1.051
of the Code of Criminal Procedure plainly provides for a right of
self-representation.

          In Faretta v. California, the
Supreme Court of the United States held that a criminal defendant has a Sixth
Amendment right to represent himself.  422 U.S. 806, 832, 95 S. Ct. 2525,
2539-40, 45 L. Ed. 2d 562 (1975).  To exercise this right, the record must
reflect that the defendant has been “made aware of the dangers and disadvantages of
self-representation” so that he can “voluntarily and intelligently” waive his
right to counsel.  See id. at 835, 95 S. Ct. at 2541.

          The Court of Criminal
Appeals extended the Sixth Amendment right of self-representation recognized in
Faretta to appeals.  See Hathorn v. State, 848 S.W.2d 101, 122-23
(Tex. Crim. App. 1992); Webb, 533 S.W.2d at 783.  However, the Court has
also clarified that article I, section 10 of the Texas Constitution[3] does not confer the right of
self-representation afforded by the Sixth Amendment under Faretta.  See
Landers v. State, 550 S.W.2d 272, 277 (Tex. Crim. App. 1977); Glenn v.
State, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082 at **2-3 & n.3
(Tex. App.—Austin Aug. 6, 2003, order) (not designated for publication); Hadnot
v. State, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order); Cain
v. State, 976 S.W.2d 228, 235 (Tex. App.—San Antonio 1998, no pet.).

          The Legislature
adopted article 1.051 in 1987.  See Act of May 30, 1987, 70th Leg.,
R.S., ch. 979, § 1, 1987 Tex. Gen. Laws 3321, 3321-22 (amended 2001) (current
version at Tex. Code Crim. Proc. Ann.
art. 1.051 (Vernon 2005)).  Article 1.051(d) provides in pertinent part:

(d) An eligible
indigent defendant is entitled to have the trial court appoint an attorney to
represent him in the following appellate . . . matters:

 

(1)  
an appeal to a court of
appeals; [and]

 

(2)  
an appeal to the Court of
Criminal Appeals if the appeal is made directly from the trial court or if a
petition for discretionary review has been granted[.]

 

Tex.
Code Crim. Proc. Ann.
art. 1.051(d)(1), (2).

          Subsection (f) then
provides that a defendant may waive the right to counsel.  Id. art.
1.051(f).  Finally, subsection (g) requires a trial court to advise a defendant
who wishes to waive his right to counsel “of the dangers and disadvantages of
self-representation,” and determine whether “the waiver is voluntarily and
intelligently made.”  Id. art. 1.051(g).

          In Burgess v.
State, the Court of Criminal Appeals observed, “[W]e must presume that in
enacting Article 1.051(g), supra, the Legislature intended to
accommodate the Sixth Amendment right to self-representation.”  816 S.W.2d 424,
431 n.3 (Tex. Crim. App. 1991).  The Court later observed: 

the evident purport of article 1.051(c) insofar as
it directs the trial judge to appoint counsel ‘if an indigent defendant is
entitled to and requests appointed counsel’ is twofold.  It first means that an
accused is not entitled to have counsel provided at government expense unless
he can prove that he is indigent.  It also means that counsel will not be
appointed to represent him in any case unless he wishes it.

 

Oliver v. State, 872 S.W.2d 713, 715 (Tex.
Crim. App. 1994) (citing Faretta and Burgess) (other citations
omitted).

          In Martinez v.
Court of Appeal of California however, the Supreme Court of the United States held that the Sixth Amendment right of self-representation recognized in Faretta
does not extend to a “direct appeal from a criminal conviction.”  528 U.S. 152, 163, 120 S. Ct. 684, 692, 145 L. Ed. 2d 597 (2000).  Nevertheless, the Court hastened to
add that its holding does not prevent states from recognizing a right to
self-representation on appeal.[4]  Id.  This is precisely what the Texas Legislature had already done when it enacted
article 1.051.  See Oliver, 872 S.W.2d at 715; Burgess, 816
S.W.2d at 431 n.3.  

          The plain language of
this statute cannot now be ignored merely because the decisions which served as
its genesis have since been disavowed insofar as they found a constitutional
right to self-representation on appeal.

          Nevertheless, two
intermediate appellate courts in Texas have explicitly concluded that a
criminal appellant has no statutory right to self-representation.  See e.g.
Crawford v. State, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004,
order) (“The Texas Code of Criminal Procedure does not include a right to
appellate self-representation.”); Cormier v. State, 85 S.W.3d 496, 498
(Tex. App.­—Houston [1st Dist.] 2002, order) (same).  However, neither court
referred to article 1.051 and its history, nor did either cite any other
authority to support this bold yet unsubstantiated assertion.

This Court and others have
stated that a criminal appellant has no “constitutional right” to
self-representation, without discussing article 1.051.  See e.g. Sickles v.
State, No. 10-04-00258-CR, slip op. at 1 (Tex. App—Waco June 15, 2005,
order) (not designated for publication) (“Sickles does not have a
constitutional right to represent himself on appeal.”); Glenn, 2003 Tex.
App. LEXIS 7082 at *3 (“We conclude there is no state constitutional right of
self-representation on appeal.”); Hadnot, 14 S.W.3d at 350 (“criminal appellants are not
entitled, either by the state or federal constitution, to self-representation
on direct appeal”); but cf. Martinez v. State, 163 S.W.3d 88, 90 &
n.1 (Tex. App.—Amarillo 2004, order) (issue of whether a criminal appellant has
a state constitutional right of self-representation remains unclear in light of
Webb).  Of course this conclusion is unremarkable, as it is wholly
consistent with the Supreme Court’s decision in Martinez and the Court
of Criminal Appeals’ decision in Landers.

Article
1.051(d) provides that an indigent criminal appellant has the right to
appointed counsel.  Subsection (f) of that same statute provides that an indigent
criminal appellant may waive that right (and thus represent himself).  Any
other interpretation of these statutory provisions would strain them beyond
their intended meaning.

Therefore, when this Court
abates an appeal because counsel has not timely filed a brief on the
appellant’s behalf, we shall continue our current practice of giving the
appellant the option of deciding whether he wishes to represent himself, which
is a right he possesses under article 1.051(f).

The trial court shall, within thirty days after
the date of this Order: (1) conduct the hearing; (2) cause a court reporter to
make a record of the hearing; (3) make appropriate orders and findings of fact
and conclusions of law; and (4) deliver any orders and findings of fact and
conclusions of law to the trial court clerk.  The trial court shall inform Fewins’s
counsel, or Fewins herself if pro se, that her brief is due within
thirty days after the date of the hearing.

The trial court clerk shall: (1) prepare a
supplemental clerk=s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk=s record with the Clerk of this Court within
forty-five days after the date of this Order.  

The court reporter shall prepare and file a
supplemental reporter’s record containing a transcription of the hearing within
forty-five days after the date of this Order.

PER
CURIAM

Before Chief Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Appeal abated

Order issued and filed September
7, 2005

Publish









[1]
          Anders v. Cal., 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).





[2]
          Fewins’s counsel filed a
combined “Motion to Withdraw and Anders Brief in Support.”  However,
this Court does not have the authority to grant appointed counsel’s motion to
withdraw.  Sowels v. State, 45 S.W.3d 690, 692 (Tex. App.—Waco 2001, no
pet.).





[3]
              Article I, § 10 provides in pertinent part, “In all criminal
prosecutions the accused shall have . . . the right of being heard by himself
or counsel, or both . . . .”  Tex.
Const. art. I, § 10.





[4]
          Although the Court spoke of a
right to self-representation under a state’s constitution, there is no reason a
state cannot fashion that right by statute.