NO. 07-06-0001-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 25, 2006



______________________________




JAMES MICHAEL MCKILLOP, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 17,375-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant James Michael McKillop was granted deferred
adjudication for burglary of a building and placed on community supervision for four years. 
An $800 fine was not suspended. Proceeding pro se, appellant filed a notice of appeal
expressing a desire to challenge community supervision. The trial court's certification of defendant's right of appeal reflects this is a plea-bargain case with no right of appeal and that appellant waived his right of appeal. By letter
dated January 11, 2006, this Court notified appellant that the certification indicated no right
of appeal and requested a response by January 23, 2006. The Court noted that failure to
file an amended certification showing a right of appeal or failure to provide other grounds
for continuing the appeal might result in dismissal. See Tex. R. App. P. 25.2(d).

 The letter to appellant was returned by the United States Post Office with a
designation of "unable to forward." Efforts by the Clerk of this Court to obtain a current
address for appellant proved unsuccessful. Based on the certification, we have no choice
but to dismiss the appeal.

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice




Do not publish.



.App.–Amarillo Dec. 19, 2008,
no pet. h.) (mem. op., not designated for publication). On January 5, 2009, appellant,
appearing pro se, filed a motion for rehearing as well as a document in which he asks that
we impose sanctions on his appointed appellate counsel, and that we refer the matter of
counsel’s handling of the appeal to the Office of Chief Disciplinary Counsel, State Bar of
Texas, for further investigation.
          We initially note that appellant’s motion is filed while he still is represented by
counsel, and thus runs afoul of the prohibition of hybrid representation. See, e.g., Martinez
v. State, 163 S.W.3d 88, 90-91 (Tex.App.–Amarillo 2004, order), disp. on merits, 163
S.W.3d 92 (Tex.App.–Amarillo 2005, no pet.); Stelbacky v. State, 22 S.W.3d 583, 586
(Tex.App.–Amarillo 2000, no pet.) (both noting there is no right to hybrid representation). 
Because of the nature of the motion, however, we have considered its merits.
          In addition to the authority to sanction granted by statute and rule, see, e.g., Tex.
Gov’t Code Ann. § 82.061 (Vernon 2005); Tex. R. App. P. 45; this Court has the inherent
power to discipline misconduct by an attorney when reasonably necessary and to the
extent we deem appropriate. Johnson v. Johnson, 948 S.W.2d 865, 840 (Tex.App.–San
Antonio 1997, writ denied). See also Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
732 (Tex. 1997) (order on reh’g) (noting Chapter 10 of the Civil Practice and Remedies
Code applies to motions and other documents filed before an appellate court). Appellant’s
pro se motion, however, complains of the issues counsel raised in the brief filed on
appellant’s behalf, and contends counsel instead should have raised an issue appellant
believes was meritorious. We find appellant’s complaint, involving disagreement over
matters of professional judgment, is not properly the subject of a request for sanctions
against his counsel, nor for referral to the State Bar’s Chief Disciplinary Counsel. See
Johnson, 948 S.W.2d at 840-41; Kutch v. Del Mar College, 831 S.W.2d 506, 510-12
(Tex.App.–Corpus Christi 1992, no writ) (both discussing proper use of court’s inherent
sanction authority). Appellant’s motion is denied.
 
Per Curiam
Do not publish.