NO. 07-05-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2006

______________________________

MICHAEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 286
TH
 DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-10-5815; HONORABLE HAROLD PHELAN, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND

Appellant, Michael Gomez, seeks removal of his court appointed appellate attorney and requests self-representation on appeal.  We abate and remand for further proceedings.

Background 

Appellant was appointed an attorney following his conviction for murder and sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice.   Initially, appellant’s brief was due on May 11, 2006.  Appellant’s court appointed attorney filed two motions for extension of the time to file appellant’s brief.  This court granted these motions, making appellant’s brief due by July 21.  

By letter dated July 5, appellant informed his court appointed counsel of his desire to proceed 
pro se
 and requested counsel file an 
Anders
 brief.  
See
 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
Gainous v. State
, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969).  Instead, appellant’s counsel filed a third motion to extend the time for filing of appellant’s brief and, subsequently, timely filed appellant’s brief on August 7.   On the same date, appellant sent his counsel a second letter informing counsel that he was “terminated” and that counsel was instructed to file an 
Anders
 brief so that appellant would be entitled to a free record and the opportunity to file a 
pro se
 brief.  Upon receipt of appellant’s August 7th letter, appointed counsel filed a motion to withdraw  citing a potential conflict of interest precluding his continued representation of appellant.

 An accused has the right to assistance of counsel in trial and appellate proceedings.  
See
 
Gideon v. Wainwright
, 372 U.S. 335, 344-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); 
Buntion v. Harmon
, 827 S.W.2d 945, 948 (Tex.Crim.App.1992).  Further, Texas courts of appeals have concluded that an appellant either has a constitutional right to self-representation or, at minimum, has reviewed an appellant’s request for self-representation on a case-by-case basis.  
See
 
Sickles v. State
, 170 S.W.3d 298, 299 (Tex.App.–Waco 2005, order) (appellant has statutory right to self-representation on appeal); 
Martinez v. State
, 163 S.W.3d 88, 89 (Tex.App.–Amarillo 2004, order) disp. on merits, 163 S.W.3d 92 (Tex.App.–Amarillo 2005, no pet.); 
Crawford v. State
, 136 S.W.3d 417, 418 (Tex.App.–Corpus Christi 2004, no pet.) (requests for self-representation reviewed on a case-by-case basis); 
Cormier v. State
, 85 S.W.3d 496, 498 (Tex.App.–Houston [1
st
 Dist.] 2002, no pet); 
Massingill v. State
, 14 S.W.3d 380, 381-382 (Tex.App.–Houston [14
th
 Dist.] 2000, no pet.).  But an appellant is not entitled to hybrid representation on appeal.  
Martinez
, 163 S.W.3d at 89 (citing 
Rudd v. State
, 616 S.W.2d 623, 625 (Tex.Crim.App. [Panel Op.] 1981).  If problems with counsel arise, it is incumbent upon appellant to inform the court in a timely manner.  
See
 
Hubbard v. State
, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987); 
Martinez
, 163 S.W.3d at 90.  In other words, an appellant cannot use his desire for self-representation or any friction existing between himself and appointed counsel as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice.  
Martinez
, 163 S.W.3d at 90. 

In the present case, appellant informed his court appointed counsel and this court of his desire for self-representation on two occasions prior to counsel’s filing of appellant’s brief.  Although appointed counsel has acted timely and has raised two issues in the filed brief, appellant has expressed his distrust of court appointed attorneys and his desire to represent himself with the assistance of others within the prison system.  Appellant does not appear to be attempting to obstruct court procedure or interfere with the fair administration of justice, but appears to be expressing a true desire for self-representation.

Consequently, we abate this appeal and remand the matter to the trial court for further proceedings.  Upon remand, the trial court shall determine the following: 

whether appellant desires to prosecute the appeal;

whether circumstances, if any, warrant the removal of current counsel;

whether circumstances, if any, warrant appointment of new counsel;

whether appellant asks to waive appointed counsel and represent himself 
pro se
;

If appellant opts to represent himself, whether appellant’s decision is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation, 
see
 
Hubbard
, 739 S.W.2d at 345; and

if appellant wishes to proceed 
pro se
, whether allowing him to do so is in his best interests. 

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court determine that appellant’s circumstances warrant substitution of counsel,  then new counsel shall be appointed and  the name, address, telephone number, and state bar number of said counsel shall be included in the findings of fact.  Additionally, the trial court may hold hearings and enter orders as the court deems necessary regarding the aforementioned issues and shall cause its findings and conclusions and any orders entered to be included in a supplemental clerk's record.  A supplemental reporter’s record of any hearing held shall be transcribed.
(footnote: 1) Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Tuesday, October 31, 2006. 

Per Curiam   

Do not publish.   

FOOTNOTES
1:
Although, appellant is to participate in the abatement proceeding, this does not necessarily mean that the appellant must personally appear before the trial court.  
See
 
Fewins v. State
, 170 S.W.3d 293, 294 (Tex.App.–Waco 2005, no pet.) (trial court given the option of fulfilling duties via teleconference or postal service).