NO. 07-06-0223-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2006

______________________________

EDWARD L. MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO.  2004-405,843; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Edward L. Martinez (appellant) appeals his conviction for burglary of a habitation.  Appellant has filed with this court a request, among other things, to continue with his appeal 
pro se.
  We abate the appeal and remand the cause back to the trial court.

We previously addressed this same issue in 
Martinez v. State,
163 S.W.3d 88 (Tex. App.
–
Amarillo 2004, no pet.).  In that opinion, we found that 
the lack of communication between appellant and attorney as well as the failure to address certain issues by the attorney could be an “indication that the attorney/client relationship has deteriorated to such a degree that [the attorney could] no longer effectively represent his client.”  
 Id.
 at 91.

Consequently, we abate this appeal and remand the cause to the 137
th
 District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal;

whether appellant asks to waive appointed counsel and represent himself 
pro se
;  

3.   if appellant opts to represent himself, whether appellant’s decision is competently and intelligently made.  
See
 
Hubbard v. State
, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (holding that to competently and intelligently choose self-representation, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will illustrate that he knows what he is doing);

whether circumstances, if any, warrant the substitution of Mark Skelton with another counsel, should appellant not care to represent himself; and

assuming appellant wishes to proceed 
pro se
, whether allowing him to do so is in his best interests.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court determine that appellant not only desires new counsel but also is entitled to same, then new counsel must be appointed by the trial court, and the latter shall include in its findings of fact the name, address, telephone and fax number, and state bar number of the new counsel appointed.  Additionally, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  The trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before November 9, 2006.  Should additional time be needed to perform these tasks, the trial court may request same on or before November 9, 2006. 

It is so ordered.

Per Curiam

          

Do not publish.