NO. 07-06-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 23, 2009

______________________________


MARIO ARAIZA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410799; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ORDER ON MOTION FOR IMPOSITION OF SANCTIONS 
          Appellant Mario Araiza appealed from his jury conviction for the offense of delivery
of a controlled substance, enhanced, and the resulting sentence of life imprisonment. In
an opinion issued on December 19, 2008, we affirmed the judgment of the trial court. 
Araiza v. State, No. 07-06-0474-CR, 2008 WL 5265191 (Tex.App.–Amarillo Dec. 19, 2008,
no pet. h.) (mem. op., not designated for publication). On January 5, 2009, appellant,
appearing pro se, filed a motion for rehearing as well as a document in which he asks that
we impose sanctions on his appointed appellate counsel, and that we refer the matter of
counsel’s handling of the appeal to the Office of Chief Disciplinary Counsel, State Bar of
Texas, for further investigation.
          We initially note that appellant’s motion is filed while he still is represented by
counsel, and thus runs afoul of the prohibition of hybrid representation. See, e.g., Martinez
v. State, 163 S.W.3d 88, 90-91 (Tex.App.–Amarillo 2004, order), disp. on merits, 163
S.W.3d 92 (Tex.App.–Amarillo 2005, no pet.); Stelbacky v. State, 22 S.W.3d 583, 586
(Tex.App.–Amarillo 2000, no pet.) (both noting there is no right to hybrid representation). 
Because of the nature of the motion, however, we have considered its merits.
          In addition to the authority to sanction granted by statute and rule, see, e.g., Tex.
Gov’t Code Ann. § 82.061 (Vernon 2005); Tex. R. App. P. 45; this Court has the inherent
power to discipline misconduct by an attorney when reasonably necessary and to the
extent we deem appropriate. Johnson v. Johnson, 948 S.W.2d 865, 840 (Tex.App.–San
Antonio 1997, writ denied). See also Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
732 (Tex. 1997) (order on reh’g) (noting Chapter 10 of the Civil Practice and Remedies
Code applies to motions and other documents filed before an appellate court). Appellant’s
pro se motion, however, complains of the issues counsel raised in the brief filed on
appellant’s behalf, and contends counsel instead should have raised an issue appellant
believes was meritorious. We find appellant’s complaint, involving disagreement over
matters of professional judgment, is not properly the subject of a request for sanctions
against his counsel, nor for referral to the State Bar’s Chief Disciplinary Counsel. See
Johnson, 948 S.W.2d at 840-41; Kutch v. Del Mar College, 831 S.W.2d 506, 510-12
(Tex.App.–Corpus Christi 1992, no writ) (both discussing proper use of court’s inherent
sanction authority). Appellant’s motion is denied.
 
Per Curiam
Do not publish.
 



their groundwater has been contaminated. Here
again, the record reflects the Dyers neither admitted nor denied the requests the City cites. 
Admission of testimony concerning the subjects of those requests did not violate the rule
applied in Marshall. 

 The City further contends the court should not have allowed the appraiser to testify 
because the Dyers had admitted they did not have a professional appraisal of their
property made since November 2004. The Dyers' response admitting that fact did not
have the effect of precluding them from obtaining an appraisal or from introducing evidence
of the appraiser's opinion at the hearing. See Tex. R. Civ. P. 198.3 (prescribing effects of
admissions). The City does not argue the testimony should have been excluded due to
the Dyers' failure to supplement their discovery response. See Tex. R. Civ. P. 193.5. 
When determining its jurisdiction in the face of a ripeness contention, the court is not
limited to facts frozen at the moment the petition is filed. Perry v. Del Rio, 66 S.W.3d 239,
251 (Tex. 2001). We overrule the City's first issue.


 The City's second issue assigns error to the denial of its plea to the jurisdiction
because the Dyers failed to establish that their claim is ripe. It argues the Dyers have
presented insufficient evidence to "overcome [the City's] proof" that the claim is not ripe
because they have suffered no injury. 

 The City relies primarily on Patterson, 971 S.W.2d 439. The supreme court found
in that case that Planned Parenthood was seeking adjudication of issues based on the
effect of anticipated governmental actions when the evidence showed the agencies
involved had not yet decided on a course of action. The court said, "We simply do not
know what the federal government will do if the state carries out its plan to segregate the
funds, and the record does not even demonstrate what exactly the state will do. Without
knowing what the federal government will do, Planned Parenthood cannot show a conflict
between federal and state demands or that the state's proposed action will cause it any
injury." 971 S.W.2d at 444. Concluding that Planned Parenthood's alleged injury therefore
remained contingent, the court found its claim not yet ripe. Id. By contrast, the Dyers'
pleadings allege that the City's operation of its waste treatment facility has caused
contamination of their underground water supply. The Dyers may or may not be able to
prove their allegations, but there is nothing contingent about the injuries they claim. Said
another way, the determination whether the Dyers have a concrete injury for which the City
is liable does not depend on "contingent or hypothetical facts, or upon events that have not
yet come to pass." Id. at 443. We overrule the City's second issue.


 The City's third and final issue recasts the same question by alleging denial of its
plea to the jurisdiction was error because the Dyers failed to present evidence they have
suffered any damages. We overrule the issue. As the supreme court instructed in Bland,
a plea to the jurisdiction "should be decided without delving into the merits of the case." 
34 S.W.3d at 554. This is so because "the proper function of a dilatory plea does not
authorize an inquiry so far into the substance of the claims presented that plaintiffs are
required to put on their case simply to establish jurisdiction." Id. The City's challenge to
the Dyers' evidence of their damages is misplaced at this stage of the proceeding. 

 Having overruled the City's issues, we affirm the trial court's order, and remand to
that court for further proceedings.

 

 James T. Campbell

 Justice



1. The request cited by the City is its request no. 26, which states: "Plaintiffs do not
have any scientific evidence that the groundwater on the property is contaminated at this
time." The Dyers' response reads: "Plaintiffs cannot admit or deny at this time. Discovery
and testing are not complete."