NO. 07-10-00300-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 21, 2011

JACKIE LEE BIBBS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1160104D; HONORABLE GEORGE W. GALLAGHER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Jackie Lee Bibbs, has filed a "Motion to Dismiss Appellant Counsel and Proceed Pro Se" that seeks removal of appellant's court-appointed appellate counsel, and requests that appellant be allowed to represent himself on appeal. We abate and remand for further proceedings.

Appellant was convicted of the offense of capital murder and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for life. On the same date that appellant was sentenced, J. Warren St. John was appointed as counsel to assist appellant in pursuing the present appeal. St. John filed a brief on

behalf of appellant on January 20, 2011. This brief raises six issues and prays for reversal of appellant's conviction. On February 3, appellant filed a "Motion to Withdraw Appellant Brief Due to Actual Conflict of Interest" which alleged that appellate counsel's failure to raise certain issues created a conflict of interest between appellant and counsel, and requested that this Court abate the appeal and remand the cause to the trial court to conduct an evidentiary hearing regarding the alleged conflict. However, our review of this motion led to the conclusion that appellant was not seeking to represent himself on appeal, but rather that he was attempting to raise additional issues in his appeal beyond those that were raised by counsel in his brief. Consideration of this motion would, therefore, constitute hybrid representation, which is not allowed. See Ex parte Taylor, 36 S.W.3d 883, 887 (Tex.Crim.App. 2001). As such, this Court notified appellant that it would not consider or act on his pro se motion while he is represented by counsel. On September 8, appellant filed a "Motion to Dismiss Appellant Counsel and Proceed Pro Se" that seeks removal of appellant's court-appointed appellate counsel and requests that appellant be allowed to represent himself on appeal.

An accused has the right to assistance of counsel in trial and appellate proceedings. See Gideon v. Wainwright, 372 U.S. 335, 344-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Buntion v. Harmon, 827 S.W.2d 945, 948 (Tex.Crim.App. 1992). However, because an appellant has no constitutional or statutory right to self-representation on appeal, we will review a criminal appellant's request for self-representation on a case-by-case basis that considers the best interest of the appellant, the State, and the administration of justice. See Cormier v. State, 85 S.W.3d 496, 498 (Tex.App.--Houston [1st Dist.] 2002, no pet). However, under no circumstance is an appellant entitled to

hybrid representation on appeal. Ex parte Taylor, 36 S.W.3d at 887; Rudd v. State, 616 S.W.2d 623, 625 (Tex.Crim.App. [Panel Op.] 1981). If problems with counsel arise, it is incumbent upon appellant to inform the court in a timely manner. See Hubbard v. State, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987). An appellant cannot use his desire for self-representation or any friction existing between himself and appointed counsel as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. Martinez v. State, 163 S.W.3d 88, 90 (Tex.App.—Amarillo 2006, order) (disposition on merits at 163 S.W.3d 92 (Tex.App.—Amarillo 2005, no pet.)).

In the present case, appellant informed this Court of problems that he perceived with appointed counsel's representation in this appeal. Although appointed counsel has acted timely and has raised six issues in the brief filed on appellant's behalf, appellant contends that alleged trial errors have not been addressed by St. John and that these errors will be waived if not raised in this direct appeal. Consequently, appellant requests to represent himself as a means to ensure that all alleged errors will be raised.

We abate this appeal and remand the matter to the trial court for further proceedings. Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant's request to remove appointed counsel and represent himself is an attempt to obstruct court procedure or interfere with the fair administration of justice;

3. whether appellant asks to waive appointed counsel and represent himself pro se;

4. If appellant opts to represent himself, whether appellant's decision is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation, see Hubbard, 739 S.W.2d at 345, and that appellant's self-representation requires that his appointed counsel's brief will be withdrawn in toto; and

5. if appellant wishes to proceed pro se, whether allowing him to do so is in his best interests, the State's best interest, and is in furtherance of the proper administration of justice.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Additionally, the trial court may hold hearings and enter orders as the court deems necessary regarding the aforementioned issues and shall cause its findings and conclusions and any orders entered to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing held shall be transcribed.[1] Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, November 21, 2011.

Per Curiam

Do not publish.

---

[1] While appellant must be afforded an opportunity to personally participate in the abatement proceeding, this does not necessarily mean that the appellant must personally appear before the trial court. See Fewins v. State, 170 S.W.3d 293, 294 (Tex.App.--Waco 2005, no pet.) (trial court given discretion to fulfill duties via teleconference and/or postal service).

4