NO. 07-11-00425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 30, 2012

———————————

CARL WADE CURRY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 4157; HONORABLE DAN MIKE BIRD, JUDGE

———————————

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Carl Wade Curry appeals his conviction for theft over $200,000, and sentence of ninety-nine years in prison, and $10,000 fine. The record in this case was filed on January 26, 2012, and appellant's brief was due on February 25.[1] On February 13, appellant filed a motion requesting an extension of time to file his brief. The motion was granted and the deadline extended until March 28. Appellant now has filed, on March 27, another motion for extension of time to file his brief.

---

[1] On January 9, 2012, appellant filed a motion requesting additional time to file his brief. We dismissed the motion as moot since the reporter's record had not yet been filed.

Appellant's motions for extension have been filed *pro se*. Appellant represented himself at trial, with the assistance of stand-by counsel John H. Weigel. The clerk's record contains a letter from the trial court to Mr. Weigel, after trial, noting that appellant desires to continue to represent himself on appeal, and appointing Mr. Weigel as stand-by counsel to assist appellant on appeal as he had at trial.

Appellant's motions for extension have described his several transfers of location within the Texas Department of Criminal Justice, his difficulties with receipt and review of the reporter's record, and his difficulties with access to a law library. The motions also indicate appellant is preparing for trial in two other cases, in which he also is representing himself. The recent motion adds that appellant has been unable to contact Mr. Weigel.

This Court recently summarized Texas law regarding self-representation on direct appeal of criminal convictions. *Bibbs v. State*, No. 07-10-0300-CR, 2011 Tex. App. Lexis 8426 (Tex.App.--Amarillo Oct. 21, 2011) (order of abatement and remand). An appellant is entitled to counsel through the conclusion of his direct appeal. Tex. Code Crim. Proc. Ann. art. 26.04(c) (West Supp. 2011); *Ex Parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App. 1997) ("Attendant to an appeal of right is a right to counsel") (citing *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)).

The Sixth Amendment right to self-representation at trial, however, does not extend to the appeal stage, nor does the Texas constitution provide such a right on appeal. *Martinez v. California,* 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex.App.--Houston [14th Dist.] 2000, no

2

pet.) ("No Texas court has recognized a state constitutional right to self representation on direct appeal").

As do other Texas courts, we review a request for self-representation in a criminal appeal on a case-by-case basis that considers the best interest of the appellant, the State, and the administration of justice. *Bibbs*, 2011 Tex. App. Lexis 8426 at *2-3; *Cormier v. State*, 85 S.W.3d 496, 498 (Tex.App.--Houston [1st Dist.] 2002, no pet.). An appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Martinez v. State*, 163 S.W.3d 88, 90 (Tex.App.--Amarillo 2006, order) (disposition on merits at 163 S.W.3d 92 (Tex.App.--Amarillo 2005, no pet.)).

Given the difficulties appellant is experiencing with his efforts to prepare and file an appellate brief, and given that his most recent motion gives us reason to doubt that his difficulties will soon subside, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine the following:

> 1. although we assume the trial court has determined appellant is unable to afford the cost of counsel because the court appointed Mr. Weigel, whether appellant is entitled to appointed counsel on appeal;
>
> 2. whether appellant still desires to represent himself on appeal in this case;
>
> 3. if appellant wishes to represent himself, whether appellant's decision to do so is competently and intelligently made, including whether appellant is

3

aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex.Crim.App. 1987); and

4. if appellant wishes to represent himself, whether allowing him to do so is in his best interest, the State's best interest, and is in furtherance of the proper administration of justice.

If the trial court determines that appellant is indigent and entitled to appointed counsel and if the court determines that appellant does not now desire to represent himself on appeal, OR determines that his doing so is not in the best interest of the appellant, the State and the administration of justice, the trial court shall appoint counsel for appellant. Whether the court appoints Mr. Weigel or another attorney is a matter wholly for its determination. In any event, the court shall cause the name, address, telephone number, fax number, and state bar number of the appointed attorney to be provided to this court.

Whether or not the court appoints counsel for appellant, the court shall issue findings and recommendations expressing its determinations on the issues listed above. In addition, if the court does not appoint counsel for appellant but instead recommends that this Court permit appellant to represent himself on appeal, it shall determine, and express as a finding, when this Court reasonably can expect to receive an appellate brief from appellant.

If the court recommends that this Court permit appellant to represent himself on appeal, this Court will review that recommendation and issue further orders on reinstatement of the appeal.

4

The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings, recommendations and any orders the court signs, and 2) a supplemental reporter's record transcribing the evidence and argument presented at any hearing held. The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before April 20, 2012, unless additional time is requested.

It is so ordered.

Per Curiam

Do not publish.