

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00091-CR
No. 07-15-00106-CR
No. 07-15-00107-CR

**EX PARTE DANIEL LEE AINSWORTH**

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court Nos. 141066, 141094, 141118;
Honorable W. F. (Corky) Roberts, Presiding

July 15, 2015

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

At a February 3, 2015 hearing, appellant Daniel Lee Ainsworth sought pretrial habeas corpus relief in trial court case numbers 141066 (terroristic threat, family violence); 141094 (assault (domestic violence)); and 141118 (interference with emergency telephone call). The court denied the requested habeas relief. Appellant expressed a desire to represent himself on appeal of the court's denial of habeas relief, and filed, *pro se*, notice of appeal of each order.

The three cases proceeded to a bench trial on April 27, 2015, and in each case appellant was convicted. The court sentenced appellant to a term of confinement in the county jail and a fine. Brooks Barfield, Jr. was appointed to represent appellant on direct appeal in each case and filed notices of appeal. Appellant's three direct appeals are now pending.

Appellant's brief in the three pretrial habeas appeals was due for filing on or before June 29, 2015. No brief was filed, however, and appellant has not moved for additional time.

The Sixth Amendment right to self-representation at trial does not extend to the appeal stage, nor does the Texas constitution provide such a right on appeal. *Martinez v. California,* 528 U.S. 152, 163, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("No Texas court has recognized a state constitutional right to self representation on direct appeal").

As do other Texas courts, we review a request for self-representation in a criminal appeal on a case-by-case basis that considers the best interest of the appellant, the State, and the administration of justice. *Bibbs v. State*, No. 07-10-0300-CR, 2011 Tex. App. Lexis 8426, at *2-3 (Tex. App.—Amarillo Oct. 21, 2011) (order of abatement and remand); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.). An appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Martinez v. State*, 163 S.W.3d 88, 90 (Tex. App.—

2

Amarillo 2006, order) (disposition on merits at 163 S.W.3d 92 (Tex. App.—Amarillo 2005, no pet.)).

Appellant is now a party to six pending appellate cases in this Court. In the three pretrial habeas appeals, he appears *pro se* and in the three related merits appeals he has court-appointed counsel. As noted, his appellate brief in the cases in which he represents himself are past due. Given the complexity of this environment and its potential for confusion, we abate the three pretrial habeas appeals and remand the cases to the trial court for further proceedings. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine the following:

1. although we assume the trial court has determined appellant is unable to afford the cost of counsel, whether appellant is indigent and entitled to appointed counsel on appeal;

2. whether appellant still desires to represent himself in the three pretrial habeas appeals;

3. if appellant wishes to represent himself, whether appellant's decision to do so is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

4. if appellant wishes to represent himself, whether allowing him to do so is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice.

If the trial court determines that appellant is indigent and entitled to appointed counsel and if the court determines that appellant does not now desire to represent himself on appeal, OR determines that his doing so is not in the best interest of the appellant, the State and the administration of justice, the trial court shall appoint counsel

3

for appellant. As noted, Mr. Barfield already represents appellant on direct appeal. Whether the court appoints Mr. Barfield or another attorney is a matter wholly for its determination. In any event, the court shall cause the name, address, telephone number, fax number, United States Postal Service address, e-mail address, and state bar number of the appointed attorney to be provided to this Court.

The court shall issue findings and recommendations expressing its determinations on the issues listed above. In addition, if the court does not appoint counsel for appellant but instead recommends that this Court permit appellant to represent himself on appeal, it shall determine, and express as a finding, when this Court reasonably can expect to receive appellate briefs from appellant.

If the court recommends that we permit appellant to represent himself on appeal, we will review that recommendation and issue further orders on reinstatement of the appeals.

The trial court shall also cause to be developed 1) a supplemental clerk's record to be filed in each of the pretrial habeas appeals containing the findings, recommendations and any orders the court signs, and 2) a supplemental reporter's record transcribing the evidence and argument presented at any hearing held. The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before August 17, 2015, unless additional time is requested.

Because we have abated the appeals, appellant need not and shall not file an appellate brief in any of the pretrial habeas appeals until further order of the Court.

It is so ordered.

Per Curiam

Do not publish.