

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00301-CR
No. 07-23-00019-CR

JOSE FALCON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F21-3263-462 & F21-3264-462, Honorable Don Emerson, Sitting by Assignment

August 29, 2023

## DISSENT TO ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Remanding for the trial court to determine if appellate counsel's performance has been deficient, before any opinion has been issued, hinders judicial economy; I therefore respectfully dissent.

An appellant cannot use his desire for self-representation or any friction existing between himself and appointed counsel as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Martinez*

*v. State,* 163 S.W.3d 88, 90 (Tex. App.—Amarillo 2006, order) (disposition on merits at 163 S.W.3d 92 (Tex. App.—Amarillo 2005, no pet.)).

Criminal defendants are generally not entitled to hybrid representation and a "trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (emphasis omitted). As such, "a trial court's decision not to rule on a pro se motion" is not "subject to review." *Id.* (emphasis omitted). Similarly, Appellant is not entitled to hybrid representation in this Court, and his pro se motion presents nothing for this Court to review. The nucleus of Appellant's pro se motion—his attorney has failed to raise significant points of error in his appellate brief. However, based on prior precedent, that this Court has routinely followed, we should ignore Appellant's pro se motion because he is not entitled to hybrid representation.

Appellant's sub-issue, which the majority clings to, is a failure of communication between Appellant and his counsel. We should not allow Appellant's alleged friction with his counsel to interfere with the fair administration of justice. Appellant's appointed counsel filed an appellate brief on May 11, 2023. The State has filed a responsive brief. As of July 12, 2023, this case was ready to be set. Instead of setting the case and issuing an opinion though, the majority is remanding the case to determine if Appellant's counsel's performance has been deficient. However, without an opinion from this Court, what is the trial court to do? What if this Court would grant Appellant's requested relief based on the brief currently on file? In that scenario, a remand is hindering judicial economy. Without an opinion from this Court, is the trial court going to analyze its own potential error when it evaluates Appellant's potential briefing issues compared to those

2

actually raised by his counsel?  What If the trial court finds one of Appellant's briefing issues as non-frivolous?  Would a higher court need to analyze the same issue?  In other words, if Appellant has issues with his counsel's briefing, he will need to raise those in a post-judgment collateral attack.  By claiming judicial economy, and short circuiting the process followed in prior cases, we are simply muddying the waters and hindering judicial economy.

Alex Yarbrough
Justice

Do not publish.